UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
**DENISE CONNOR,**

                              FILE NO.: 11-Civ-01795

        Plaintiff,

  -against-                        **PLAINTIFF'S**
                                 **PRE-TRIAL ORDER**

**OUTBACK STEAKHOUSE of FLORIDA, LLC,**

        Defendant.
------------------------------------------------------------------------X

Plaintiff, Denise Connor, by her attorneys WOLF & FUHRMAN, LLP, hereby set forth the following as and for their pre-trial statement pursuant to Rule 16 of the United States District Court for the Eastern District of New York, and pursuant to the order of the Honorable Chief Magistrate Judge Steven M. Gold filed on January 11, 2012.

1.                  **JURISDICTION AND VENUE**

Venue and subject matter jurisdiction is proper based upon diversity of the parties, as this matter was removed to Federal Court pursuant to 28 U.S.C. § 1332 (a).

2.                  **TRIAL COUNSEL**

Plaintiff is represented by Eliot M. Wolf, of Wolf and Fuhrman, LLP, 1453 Webster Avenue, Bronx, New York, 10456. The firm's phone number is 718-293-0980 and the fax number is 718-293-7507. Trial counsel's email address is ewolf@wolfandfuhrman.com.

3.                          **PLEADINGS**

Plaintiff is abandoning the following claims contained in the pleadings they have exchanged to date: With regards to liability; plaintiff withdraws the claim that the floor that the defendant had in place had an improper coefficient of sliding friction; with regards to damages, all claims for special damages which were fully collateralized are being abandoned.

4.                       **UNDISPUTED FACTS**

The plaintiff Denise Connor, was born on July 13, 1948. The defendant owned and operated the Outback Steakhouse located at 88-10, Queens Boulevard, in Elmhurst, Queens at all times relevant herein. The defendant maintained and controlled the Outback Steakhouse located at 88-10, Queens Boulevard, in Elmhurst, Queens at all times relevant herein. It is undisputed that the defendant had a duty to provide persons who were invited to use their restaurant, with a safe surface upon which they could walk. The plaintiff fell while at the defendant's restaurant on the afternoon of July 12, 2009. Plaintiff suffered injuries that were proximately caused by her fall. As a direct result of that fall, the plaintiff suffered from an inter-trochanteric fracture of her right hip. As a direct result of that fall, the plaintiff underwent a surgical procedure consisting of open reduction with internal fixation of the fracture with the use of fixation devices including a 360 millimeter gamma nail, a 90 millimeter neck screw and an interlocking screw all of which still remain

in her person. As a direct result of that fall, the plaintiff was hospitalized from July 12 through July 30, 2009 at Elmhurst Hospital for treatment and rehabilitation. The plaintiff was ambulatory without restriction prior to the July 12, 2009 fall at defendant's restaurant.

5.  **ISSUES TO BE TRIED**

Plaintiff contends that the defendant, through it's agents, was negligent in failing to provide a safe walkway for the plaintiff, by causing and/or allowing the restaurant floor to become/remain slippery, by failing to properly clean the portion of said floor where plaintiff fell despite attempting to so, and/or by directing the plaintiff to walk on the slippery portion of floor where she was caused to slip and fall which they knew or should have known was slippery and posed a hazard to her. Plaintiff contends that the hip fracture which the plaintiff sustained is a serious injury with permanent sequelae for which the defendant must legally compensate her.

**MAGISTRATE TRIAL**

The parties have all stipulated to have this action tried by a Magistrate Judge.

**WITNESSES**

Plaintiff intends to call the following witnesses, Denise Connor who will testify as to the conditions as they existed on the date of the accident as well as to her damages, Jan Scott who is a non-party witness who will testify as to the conditions as they existed on the date of the accident,

Dr. Barry Katzman, an examining orthopedic expert who will testify as to damages, consonant with his narrative report which was exchanged, Joelle Delagarde who will testify as to the conditions as they existed on the date of the accident, she will also testify as to her observations regarding the changes evident in Denise Connor since the fracture occurred, Mario Delagarde who will testify as to the conditions as they existed on the date of the accident, he will also testify as to his observations regarding the changes evident in Denise Connor since the fracture occurred and Christina Clayton who will testify as to the conditions of the subject restaurant floor as they existed on the date of the accident.

## DEPOSITION TRANSCRIPTS

Plaintiff reserves the right to use the deposition transcripts of the following witnesses, Denise Connor as to the conditions as they existed on the date of the accident as well as to her damages, Jan Scott, regarding the conditions as they existed on the date of the accident, Joelle Delagarde as to the conditions as they existed on the date of the accident, and regarding her observations regarding the changes evident in Denise Connor since the fracture occurred, Mario Delagarde regarding the conditions as they existed on the date of the accident and his observations regarding the changes evident in Denise Connor since the fracture occurred and Christina Clayton regarding the conditions of the subject restaurant floor as they existed on the date of the accident.

## EXHIBITS

The plaintiff will offer the Elmhurst Hospital records documenting plaintiff's confinement at that facility from July 12-30, 2009 together will the imaging studies obtained at that facility.

## ISSUES OF LAW

The elements necessary to make out a prima facie case of negligence under New York State law are, (1) a lack of ordinary care under the circumstances, Havas v Victory Paper Stock Co., 49 NY2d 381, 426 NYS2d 233, 402 NE2d 1136; Nicholson v Board of Education, 36 NY2d 798, 369 NYS2d 703, 330 NE2d 651, and (2) evidence that such negligence was a proximate cause of injury or damage, Argentina v Emery World Wide Delivery Corp., 93 NY2d 554, 693 NYS2d 493, 715 NE2d 495; Ohdan v New York, 268 AD 2d 86, 706 NYS2d 419.

The corporate defendant is vicariously liable for the negligence of the personnel at the restaurant who were charged to maintain the cleanliness thereat as they acted as agents based upon the doctrine of *respondeat superior*, Irwin v Klein, 271 NY 477, 3 NE 2d 601, Ramsey v New York C.R. Co., 269 NY 219, 199 NE 65.

## JURY INSTRUCTIONS

Plaintiff's request the court refer to the New York Pattern Jury Charges, specifically PJI 2:10-Common Law Standard of Care-Negligence defined; PJI 2:12-Forseeability; PJI 2:70-Proximate Cause;; PJI 2:235-Vicarious liability; PJI 2:277-Damages-general; PJI 2:280-Injury, pain and suffering; PJI 2:280.1-loss of enjoyment of life; and PJI 2:281-Life expectancy tables indicate that Denise Connor has a life expectancy of 20.7 years.

Dated:      January 30, 2012
            Bronx, New York

Yours etc,

**WOLF & FUHRMAN, LLP**

S/ _____
**ELIOT M. WOLF, ESQ.**
Attorneys for Plaintiff
1453 Webster Avenue
Bronx, New York 10456
(718) 293-0980